```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
BEATIE AND OSBORN LLP and OSBORN LAW,   :
P.C.,                                   :
                                        :        17cv1047(DLC)
                     Plaintiffs,        :
                                        :     MEMORANDUM OPINION
            -v-                         :          & ORDER
                                        :
JEFFREY C. BOGERT,                      :
                     Defendant.         :
                                        :
----------------------------------------X
```

APPEARANCES:

For the plaintiffs:
Daniel A. Osborn
The Osborn Law Group
200 North Sea Road, Suite B
Southampton, New York 11968

For the defendant:
Barry J. Muller
Barri A. Frankfurter
Fox Rothschild LLP
100 Park Avenue, 15th Floor
New York, NY 10017

DENISE COTE, District Judge:

Plaintiffs Beatie and Osborn LLP and Osborn Law, P.C. bring this lawsuit alleging that the defendant Jeffrey Bogert ("Bogert") failed to repay loans ("Loans") that the plaintiffs made to him. Bogert has moved to dismiss the first amended complaint ("FAC") as barred by prior litigation in New Jersey between the parties and pursuant to New Jersey's entire controversy doctrine ("NJECD"). The motion is granted.

## BACKGROUND

The plaintiffs and Bogert were co-counsel on hundreds of personal injury cases (the "ONJ Litigation"). The plaintiffs assert in the instant action that during the ONJ Litigation they lent Bogert $177,065.56, which Bogert agreed to repay at the conclusion of the litigation. The ONJ Litigation was settled on November 21, 2014, but Bogert has not repaid any portion of the Loans. In this action, the plaintiffs assert claims for breach of an agreement to repay the Loans and unjust enrichment.

The briefing on Bogert's motion to dismiss attaches filings from the New Jersey litigation that reveal the following: During the ONJ Litigation, RD Legal Funding Partners, LP ("RD Legal") provided the plaintiffs with financing to pursue the ONJ Litigation. Upon settlement of the ONJ Litigation, RD Legal sued Bogert in New Jersey state court, asserting that Bogert had signed a subordination agreement in which he pledged the attorneys' fees he might receive from the ONJ Litigation as collateral in the event that the fees earned by the plaintiffs in the ONJ Litigation were not sufficient to repay RD Legal. Bogert filed a third-party complaint against the plaintiffs alleging that the parties had agreed to reimburse RD Legal proportionally to the funds each party received.

On March 10, 2016, the New Jersey Superior Court granted the motions brought by RD Legal and the plaintiffs for summary

judgment against Bogert. Bogert has appealed the Superior Court's decision.

In granting summary judgment against Bogert, the court made the following rulings of significance to the instant action. Without the funding provided by RD Legal, Bogert and the plaintiffs would have been unable to continue representing their clients in the ONJ Litigation. The court found that a September 2009 subordination agreement between RD Legal and Bogert was enforceable and entitled RD Legal to the legal fees awarded to Bogert. It found further that Bogert had provided no evidence that the parties had an agreement whereby the parties would reimburse RD Legal proportionally to the funds each party received. It also rejected Bogert's argument that the plaintiffs had a duty to contribute to the amount that Bogert owed RD Legal.

In its brief on appeal in the New Jersey action, the plaintiffs indicated that Osborn individually and Beatie and Osborn LLP had lent Bogert tens of thousands of dollars prior to 2009, and had never been repaid. Bogert again asked to borrow money around 2009, and Osborn Law agreed to lend Bogert funds "if and when" they became available.

On October 7, 2016, the plaintiffs filed this lawsuit against Bogert seeking repayment of the Loans. On April 5, 2017, Bogert filed a motion to dismiss the FAC pursuant to Rule

3

12(b)(6), arguing that the plaintiffs' claims are precluded by the NJECD.

**DISCUSSION**

Bogert argues that the plaintiffs' claims in this diversity action are precluded by the NJECD. Under the full faith and credit clause, a federal court must give a state court judgment "the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984).[1]

The NJECD precludes "all claims arising out of the same controversy that could have been raised in the earlier action, including those involving different legal theories or requesting alternative relief." Stochastic Decisions, Inc. v. DiDomenico, 995 F.2d 1158, 1170 (2d Cir. 1993).[2] "In determining whether a

---

[1] The NJECD bars a subsequent action only when a prior action based on the same transactional facts "has been tried to judgment or settled." Allstate New Jersey Ins. Co. v. Cherry Hill Pain & Rehab Inst., 911 A.2d 493, 499 (App. Div. 2006) (citation omitted); see Fisher v. Yates, 637 A.2d 546, 550, 552 (App. Div. 1994) (applying NJECD to judgment from bench trial on appeal). Only judgments "on the merits" will have preclusive effect. Allstate, 911 A.2d at 500. The parties do not dispute that the court's judgment in the New Jersey action is a judgment on the merits that is entitled to preclusive effect.

[2] Under the NJECD, "[n]on-joinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine . . . ." N.J. Ct. R. 4:30A.

subsequent claim should be barred under [the NJECD], the central consideration is whether the claims against the different parties arise from related facts or the same transaction or series of transactions. . . . There is no requirement that there be a commonality of legal issues." Wadeer v. New Jersey Mfrs. Ins. Co., 220 N.J. 591, 605 (2015) (citation omitted). Courts should also consider whether applying the NJECD is fair "to the court system as a whole, as well as to all parties." Id. The NJECD is based on the principle that:

> the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy.

Id. (citation omitted).

The plaintiffs' claims in this federal action are precluded by the NJECD. The claims arise out of the same relationships and transactions at issue in the state litigation -- namely, financial transactions among the parties during and in relation to the ONJ Litigation. The plaintiffs do not contend that they could not have filed a counterclaim against Bogert for repayment of the Loans. Indeed, the extent to which the plaintiffs owed money to Bogert and vice versa as a result of their work on the ONJ Litigation was at the heart of the New Jersey action. The plaintiffs' barebones FAC and brief response to this motion

provide no ground to find otherwise.  Because the plaintiffs' claims in the instant action are precluded under the NJECD, they are dismissed.

## **CONCLUSION**

The defendant's April 5, 2017 motion to dismiss is granted. The Clerk of Court shall close the case.

Dated: New York, New York
July 10, 2017

```
                    _____
                         DENISE COTE
                    United States District Judge
```